IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM F. BROBST, JR., ROXANNE BROBST, h/w, and KESHIA BROBST, Plaintiffs, | : : : : : : | CIVIL ACTION NO. 16-4051 |
| vs. | : : | |
| WILLIAM F. BROBST, SR., DAVID W. CROSSETT, ESQUIRE, SMITH LAW GROUP, LLC, and JAMES M. SMITH, ESQUIRE, Defendants. | : : : : : : | |

Henry S. Perkin, M.J.                                                                            March 27, 2019

**<u>MEMORANDUM OPINION</u>**

Presently before the Court is the Motion and Memorandum for Reconsideration of the Court's Memorandum Opinion and Order dismissing Plaintiffs' Claims Pursuant to 42 U.S.C. § 1983, Declining to Exercise Supplemental Jurisdiction over Plaintiffs' State Law Claims, and Denying Plaintiffs' Motion for Summary Judgment. For the reasons expressed below, the Court denies the Motion for Reconsideration.

**I.**      **<u>FACTS.</u>**

Brobst Sr., by and through his attorney David W. Crossett, Esquire ("Attorney Crossett") filed a complaint in ejectment in the Berks County Court of Common Pleas in June of 2015, seeking to eject his son, William F. Brobst, Jr. ("Brobst Jr."), his daughter-in-law, Roxanne Brobst and his granddaughter, Keshia Brobst (collectively "Plaintiffs") from a parcel of

property Brobst Sr. owns on Kemp Road in Kutztown, Pennsylvania ("the Real Property").[1] Plaintiffs resided in a trailer that had been placed on the Real Property. Brobst Sr. also sought a right of possession as surviving tenant by the entireties. The Plaintiffs, who were the defendants in the Berks County action, sought reformation of the 1971 deed of The Real Property or, in the alternative, the grant of a constructive trust in the property for an undetermined amount of money and services. The Honorable James M. Lillis of that court granted summary judgment to Brobst Sr. and a judgment for possession which granted him sole ownership and the sole right to possession of the Real Property by Order signed on June 22, 2016. The Order was filed in the Prothonotary's Office of Berks County on June 23, 2016. On July 11, 2016, Brobst Sr., represented by Attorney Crossett, filed a Writ of Possession with the Berks County Prothonotary pursuant to Pa. R.C.P. 3160, *et seq*. On July 12, 2016, the Prothonotary issued a Writ of

---

[1] Brobst Sr. and his wife Ruth purchased the Real Property and recorded the transaction by a deed dated October 19, 1971. They held the property as tenants by the entireties with a right of survivorship. Ruth had a son from a previous marriage, Neil, a severely disabled child with cerebral palsy. Ruth and Brobst Sr. had one son, Brobst Jr. In 1984, Brobst Sr. left Ruth to live with his girlfriend and vacated the marital residence, thereafter allowing Ruth full use of the Real Property until her death. Brobst Sr. returned to the Real Property for occasional visits but never again lived on the Real Property.

Sometime between 1985 and 1986, Brobst Jr. and his wife Roxanne sought the permission of Brobst Sr. to purchase a trailer and live on the Real Property with Ruth and Neil. Brobst Sr. granted them permission, and since that time, the Plaintiffs have occupied the Real Property. The trailer home was given a separate mailing address and separately assessed for real estate tax purposes. Plaintiffs maintain that they paid all taxes for their address and 1/3 of the taxes for the Real Property at the request of Brobst Sr. Plaintiffs never paid Brobst Sr. any rent and claimed that Brobst Sr. told them they could remain for life and take ownership of the land if they cared for the land, Ruth and Neil.

Ruth died on December 21, 2011, survived by Brobst Sr., Neil and Brobst Jr. In her Will, Ruth purportedly devised the land to Plaintiffs subject to a life estate to Neil. Brobst Sr. allowed Neil to remain on the Real Property until his death in February 2015. Brobst Sr. served a Notice to Vacate on Plaintiffs on February 18, 2015 and a second Notice to Vacate on April 1, 2015. When Plaintiffs refused to vacate the Real Property, Brobst Sr. filed a Complaint in Ejectment against them in the Berks County Court of Common Pleas on June 1, 2015.

Possession to the Berks County Sheriff's Department.[2]

On July 19, 2016, at approximately 1:30 p.m., the Sheriff's Department executed at the Real Property on the Writ of Possession. Brobst Jr. emerged from his trailer home onto the porch and was yelled at by one of the Sheriff's deputies that he had fifteen minutes to vacate the Real Property, and the deputy came up to the door. Two sheriffs followed Brobst Jr. into the house and one followed him to the bathroom. Brobst Jr. knocked on the door and then opened the door to tell Keshia, who is approximately twenty-five years old, that they had to go. The Sheriff with Brobst Jr. pushed open the bathroom door revealing a naked Keshia Brobst getting out of the shower. Another Sheriff asked for and was given the keys to the trailer where Ruth and Neil had lived, which Brobst Jr. told him was used for storage. Brobst Jr. called his wife, Roxanne Brobst, at work and she drove home. Brobst Jr. moved some of the family's vehicles onto the neighbor's land and the Plaintiffs were permitted to gather any personal property needed

---

[2] Plaintiffs contend that the parties received the June 22, 2016 Order on or about June 28 or 29, 2016 and unbeknownst to Plaintiffs, Attorney Crossett or someone acting on his behalf sought a Final Judgment on June 28, 2016. Plaintiffs also contend that Attorney Crossett moved to obtain a Writ of Possession on June 29, 2016 without notice to Plaintiffs. According to Plaintiffs, "someone" filed a Praecipe for final judgment and, paying the associated fees including the e-filing fee, obtained a Judgment by Order on July 5, 2016, which was the first day such an order could be obtained. On July 11, 2016, Plaintiffs contend that Attorney Crossett or someone on his behalf filed another Praecipe for Writ of Possession, the result of which was the subject Writ issued to the Sheriff. The Sheriff accepted the Writ and a check dated June 29, 2016 from the Smith Law Group and served the Writ on Plaintiffs on July 19, 2016.

Plaintiffs contend that Attorney Crossett moved to "evict" Plaintiffs from the property before they could exercise any pre-deprivation rights such as bond, reconsideration, or modification. According to Plaintiffs, Attorney Crossett knew that he needed to dispossess Plaintiffs from the Real Property so that they could not press their affirmative defenses to ejectment which were unresolved by the Court of Common Pleas of Berks County at that time, including license and payment and which could have afforded Plaintiffs additional time on the Real Property. Thus, Plaintiffs contend that the Smith Defendants did not follow the Pennsylvania Rules of Civil Procedure.

The Smith Defendants respond that they provided Plaintiffs with all notice and/or post-deprivation process to which they were entitled under the law. They further contend that Plaintiffs did not have a statutory right to notice under the Pennsylvania Rules of Civil Procedure because the underlying matter was an ejectment action and the Praecipe for Writ of Possession was entered according to enforcement procedures regarding a judgment for possession entered in ejectment proceedings.

such as clothing, medications, guns and their seven cats and left the Real Property at approximately 2:15-2:30p.m. on that date. The Sheriffs did not change the locks on the trailer.

That same day, July 19, 2016, counsel for the Plaintiffs filed an Emergency Petition to Strike the Writ of Possession and Judge Lillis entered an order striking the Writ of Possession. Plaintiffs returned to the Real Property that day at approximately 6:30 p.m., finding nothing damaged or destroyed in their absence. On July 20, 2016, Plaintiffs appealed the June 22, 2016 judgment for possession which granted Brobst Sr. sole ownership and the sole right to possession of the Real Property. Plaintiffs continued to reside on the Real Property until January, 2017, and they removed their trailer from the Real Property in February, 2017. On February 21, 2017, the Pennsylvania Superior Court affirmed Judge Lillis' grant of possession of the Real Property to Brobst Sr.

### III. PROCEDURAL HISTORY.

On July 27, 2016, Plaintiffs filed the instant matter against Brobst Sr., Attorney Crossett, The Smith Law Group, LLC (Attorney Crossett's law firm), and James M. Smith, Esquire (collectively "The Smith Defendants"), while the state court appeal was ongoing. Following motions to dismiss filed by Brosbst Sr. and the Smith Defendants, Plaintiffs filed the Amended Complaint on September 19, 2016. The Amended Complaint contained sixteen counts, including claims alleging violations of Plaintiffs' Fourth and Fourteenth Amendment rights pursuant to 42 U.S.C. section 1983 and a claim for attorney fees pursuant to 42 U.S.C. section 1988. *See* Dkt. No. 19. On October 3 and 5, 2016, Brobst Sr. and the Smith Defendants again filed motions to dismiss and Plaintiffs filed a combined response to both motions. On May 31, 2017, the Honorable Lawrence F. Stengel granted in part and denied in part the motions to

dismiss, leaving Plaintiffs' remaining claims as: civil rights claims under section 1983 for violations of the Plaintiff's Fourteenth and Fourth Amendment rights (Counts I and II); a claim for attorneys' fees pursuant to 42 U.S.C. section 1988 (Count III); a claim for declaratory relief/judgment that the Defendants' actions were in violation of section 1983 (Count XV) and claims for intentional infliction of emotional distress (Count IX), abuse of process (Count XI), trespass (Count XIII) and conversion (Count XIV) pursuant to Pennsylvania law. Upon consent of the parties, Chief Judge Stengel ordered the case transferred for final disposition pursuant to Fed. R. Civ. P. 636© on September 1, 2017. On October 20, 2017, a scheduling conference was held pursuant to Fed. R. Civ. P. 16.

The Smith Defendants' Motion for Judgment on the Pleadings was filed on December 7, 2017 and Plaintiffs' Response in Opposition and Cross Motion for Partial Summary Judgment was filed on January 2, 2018. The Smith Defendants' Reply Brief in Support of their Motion for Judgment on the Pleadings was filed on January 17, 2018, and their Response in Opposition to Plaintiff's Cross Motion for Summary Judgment was filed on January 16, 2018. The Opposition to Plaintiff's Cross-Motion for Partial Summary Judgment was filed by Defendant William Brobst, Sr. ("Brobst") on January 16, 2018. Brobst's Motion for Summary Judgment and Statement of Undisputed Material Facts was filed on February 8, 2018 and the Smith Defendants' First Motion Summary Judgment, Statement of Undisputed Material Facts and Memorandum of Law in Support were filed on February 9, 2018. Plaintiffs' Response in Opposition to the Smith Defendants' First Motion for Summary Judgment and Combined Opposition to Defendants' Motions for Summary Judgment, for Judgment on the Pleadings and Renewed Cross-Motion for Partial Summary Judgment and Memorandum in Support were filed

on February 22, 2018.  On March 22, 2018, the Smith Defendants filed a Motion for Leave to File a Second Motion for Summary Judgment, to which Plaintiffs' Response in Opposition was filed on April 5, 2018, and the Smith Defendants filed a Motion for Leave to File a Reply Brief on April 9, 2018.  The Smith Defendants were granted leave to file a second Motion for Summary Judgment and their Reply Brief to Plaintiffs' Opposition was filed on May 15, 2018.  Oral argument on the outstanding motions was held on May 16, 2018, and the Smith Defendants filed their Second Motion for Summary Judgment and Plaintiffs' Opposition to the Smith Defendants' Second Motion for Summary Judgment were also filed on May 16, 2018.

By Memorandum and Order dated June 19, 2018, this Court granted summary judgment dismissing Plaintiffs' claims pursuant to 42 U.S.C. § 1983, declining to exercise supplemental jurisdiction over Plaintiffs' state law claims, and denying Plaintiffs' Motion for Summary Judgment.  The instant Motion for Reconsideration was filed by Plaintiffs on June 19, 2018 and the Responses to the Motion were filed by the Smith Defendants on June 29, 2018 and Brobst, Sr. on July 16, 2018.

## II.     STANDARD OF REVIEW.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco v. Zlotnicki*, 79 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 476 U.S. 1171 (1986) (citation omitted).  "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café by*

*Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "It is improper on a motion for reconsideration to ask the Court to rethink what [it] had already thought through - rightly or wrongly." *Glendon Energy Co. v. Borough of Glendon*, 836 F.Supp. 1109, 1122 (E.D. Pa. 1993)(internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus.*, 884 F.Supp. 937, 943 (E.D. Pa. 1995)(citation omitted).

## III.    DISCUSSION.

It appears that Plaintiffs seek reconsideration to correct a clear error of law or fact or to prevent manifest injustice. Plaintiffs contend that "the Court has plainly misapplied precedent" and that there is no requirement of a conspiracy to prevail on a claim pursuant to 42 U.S.C. § 1983 and "because the Court grafted a conspiracy requirement to Plaintiffs' claims, its ruling was not in accordance with law and manifestly unjust." Mot., pp. 2, 3-4. Plaintiffs specifically argue that: (1) there is no requirement to show conspiracy to prevail on a Section 1983 claim (Mot., pp. 2-4); (2) the underlying state procedure's constitutionality is of no consequence to the state actor analysis (*Id.* at 4); and (3) the fact that Defendant Crossett followed state procedure makes him a state actor. (*Id.* at 4-6). Plaintiffs argue that this Court "plainly misapplied precedent" and Attorney Crossett's use of "otherwise valid Pa. Rules" in filing for and obtaining a writ of execution make Defendants "state actors" under *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.2d 1250 (3d Cir. 1994).

Plaintiffs' first argument, that this Court held that it is required to show conspiracy to prevail on a Section 1983 claim, is mistaken. This Court first examined the Plaintiffs' claims in order to determine how Plaintiffs claimed that the Defendants were state

7

actors. Part of this analysis involved an examination of whether a private party has acted with the help of or in concert with state officials. *See Mark v. Borough of Hatboro*, 51 F.3d 1137, 1142 (3d Cir.), *cert. denied*, 516 U.S. 858 (1995).

Next, the Court examined whether the allegedly wrongful conduct in the filing and service of court orders, as Plaintiffs allege, may render litigants state actors. According to the Plaintiffs, Attorney Crossett's use of the Berks County Sheriff to execute the writ of possession qualifies Defendants as state actors because this alleged misuse of the Rules of Civil Procedure renders Attorney Crossett's conduct as "fairly attributable to the state." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936-37 (1982). The Court noted that the Honorable Gene E.K. Pratter in *Mikhail v. Khan* affirmed the rule in *Lugar*, noting that allegedly illegal prosecution of protection from abuse orders is not sufficient to render attorneys and private litigants "state actors" for purposes of Section 1983. *Mikhail v. Khan*, 991 F. Supp.2d 596, 648-49 (E.D. Pa.), *aff'd*, 572 F. App'x 68 (3d Cir. 2014). In *Mikhail*, Judge Pratter noted that *Lugar* "explicitly disclaimed that its extension of state action to private actors . . . applied beyond the prejudgment attachment context." *Id.* at 651. Judge Pratter also noted that *Lugar* also explains that "a plaintiff has no § 1983 cause of action against the private party who, instead of acting pursuant to the delegation of or opportunity to invoke state authority, misuses or abuses the statute." *Id.* at 652 (citing *Lugar*, 457 U.S. at 942 (internal quotations omitted)).

Plaintiffs contend that *Jordan*, where a prejudgment seizure of property took place without any prior judicial decision, and the United States Court of Appeals for the Third Circuit held that a private party is "absolutely, unquestionably a state actor" where the party enlists the powers of the state to deprive a person of due process, applies to the instant case. In *Jordan*,

8

however, the Court stated that a judgment creditor acts under color of state law when executing on a confessed judgment without prior notice or hearing. *Jordan*, 20 F.3d at 1267. Judge Pratter noted in *Mikhail*, that *Jordan* must be read closely in the context of the confession of judgment that was at issue. *Mikhail*, 991 F. Supp.2d at 652 n.44. *Jordan* is therefore not controlling precedent in the context of this case.

Plaintiffs contend that the Defendants wrongfully employed the state rules for execution on a judgment by possession by not providing Plaintiffs with Defendants' notice of intent to enter final judgment and/or file a praecipe for writ of possession. Plaintiffs claims, therefore, are based upon alleged misuse of state execution procedures for allegedly wrongful ends. As noted in *Lugar* and followed by Judge Pratter in *Mikhail*, alleged abuse or misuse of an otherwise constitutional statute or process does not provide a section 1983 cause of action against a private party. *See Mikhail*, 991 F. Supp.2d at 652 (citing *Lugar*, 457 U.S. at 942 (internal quotations omitted)). Thus, Brobst Sr. and his attorneys' invocation of the state execution procedures did not render them state actors, and the Plaintiffs' claims for violations of their rights under Section 1983 were properly dismissed.

Plaintiffs do not show that this Court's previous grant of summary judgment to Defendants was wrong, much less that it was so wrong that adhering to it would work a manifest injustice. Plaintiffs express their disagreement with this Court's conclusions, but "[m]ere dissatisfaction with the Court's factual or legal rulings . . . does not meet the manifest injustice standard; the motion for reconsideration should be more than a forum to express dissatisfaction with the result ordered in the Court's opinion." *White v. Home Depot, Inc.*, No. 5:17-CV-4174, 2018 WL 4002009, at *2 (E.D. Pa. Aug. 21, 2018)(quoting *Teri Woods Pub., L.L.C. v. Williams*,

No. CIV.A. 12-04854, 2013 WL 6388560, at *1 (E.D. Pa. Dec. 6, 2013) (citing *Kansas City Fire & Marine Ins. Co. v. Consol.Rail Corp.*, 97–8134, 1999 WL 497232, at *1 (E.D. Pa. July 14, 1999))). Plaintiffs' motion for reconsideration is denied.

       An appropriate Order follows.